IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHEILA GODFREY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _____ |
| UNUM LIFE | § | |
| INSURANCE COMPANY OF | § | |
| AMERICA, | § | |
| ADMINISTRATOR OF THE | § | |
| BOWEN, MICLETTE & BRITT, INC. | § | |
| LONG TERM DISABILITY PLAN, | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

### PRELIMINARY STATEMENT

1. Plaintiff Sheila Godfrey, hereinafter referred to as "Plaintiff," brings this ERISA action against UNUM Life Insurance Company of America, Administrator of the Bowen, Miclette & Britt, Inc. Long Term Disability Plan, hereinafter referred to as "Defendant". Plaintiff brings this action to secure long term disability benefits to which she is entitled under a disability benefits policy underwritten and administered by Unum Insurance Company of America. Plaintiff is covered under the policy by virtue of her employment with Bowen, Miclette & Britt, Inc.

### PARTIES

2. Plaintiff is a citizen and resident of Houston, Texas.

3. Defendant is a properly organized business entity doing business in the State of Texas.

4.	The long term disability plan at issue in the case at bar was funded and administered by Defendant.

5.	Defendant is a business entity doing business in the Southern District of Texas. Defendant may be served with process by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

## JURISDICTION AND VENUE

6.	This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States of America. Specifically, Plaintiff brings this action to enforce her rights under the Employee Retirement Income Security Act ("ERISA"), as allowed by 29 U.S.C. §§ 1132, 1133, & 1140, and as further defined by I.R.C. § 62(e)(18).

7.	Venue in the Southern District of Texas is proper by virtue of Plaintiff's employment and Defendant's doing business in the Southern District of Texas.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

8.	Plaintiff has been a covered beneficiary under a group long term disability benefits policy issued by Defendant at all times relevant to this action. Said policy became effective September 5, 2006.

9.	The disability policy at issue was obtained by Plaintiff by virtue of Plaintiff's employment with Bowen, Miclette & Britt, Inc. at the time of Plaintiff's onset of disability.

10.	Under the terms of the policy, Defendant administered the Plan and retained the sole authority to grant or deny benefits to applicants.

11.	Defendant funds the Plan benefits.

12. Because the Defendant both funds the plan benefits and retains the sole authority to grant or deny benefits, Defendant has an inherent conflict of interest.

13. Because of the conflict of interest described above, Defendant's decision to deny disability benefits should be reviewed by this Court under a de novo standard of review.

14. Further, in order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

15. Plaintiff contends that the Plan fails to give the Defendant said discretion or that the granting of said discretion is so vague as to be legally defective.

16. Defendant has a fiduciary obligation to administer the Plan fairly and to furnish short term disability benefits according to the terms of the Plan.

## ADMINISTRATIVE APPEAL

17. Plaintiff alleges that she became disabled on December 3, 2007.

18. Plaintiff filed for short term disability benefits.

19. Short term disability benefits were granted.

20. Plaintiff filed for long term disability benefits through the plan administered by the Defendant on March 2008.

21. On April 15, 2008, Defendant initially granted Plaintiff's request for long term disability benefits under the Plan.

22. Subsequently, Defendant denied further long term disability benefits under the Plan pursuant to a letter to Plaintiff dated July 25, 2008. Said letter allowed Plaintiff 180 days to appeal this decision.

23. At the time Defendant denied Plaintiff further long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform her "Own Occupation". The policy would pay a monthly benefit of $3,334.40.

24. Plaintiff is a 40 year old woman previously employed by Bowen, Miclette & Britt, Inc. as "Quality Control".

25. Quality Control is classified under the Dictionary of Occupational Titles as Sedentary with an SVP of 6 and considered to be semi skilled.

26. Due to Plaintiff's degenerative and traumatic injuries, Plaintiff ceased actively working on November 30, 2007, as on this date Plaintiff suffered from pesticide-induced neuropathy. Plaintiff then applied to Defendant for short term and long term disability benefits.

27. On January 29, 2009, Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

28. Plaintiff timely perfected her administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

29. Plaintiff submitted additional information including medical records to show that she is totally disabled from the performance of both her own and any other occupation as defined by the Plan.

30. Additionally, the Social Security Administration issued a fully favorable decision on Plaintiff's claim for disability benefits under Title II of the Social Security Act, finding that Plaintiff is "disabled" during the relevant time period.

31. Defendant was provided documentation of the Social Security Administration's

finding that Plaintiff was found to be totally disabled under Title II of the Social Security Act.

32. On August 13, 2009, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability benefits.

33. Defendant also notified Plaintiff on August 13, 2009, that Plaintiff had exhausted her administrative remedies.

34. Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities. Therefore, she did not receive a full and fair review.

35. Plaintiff has now exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

## MEDICAL FACTS

36. Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

37. Plaintiff suffers from pesticide-induced neuropathy, neuropathic pain, COPD, cervical and lumbar degeneration with radiculopathy and depression.

38. Treating physicians document continued chronic neuropathic pain and pesticide-induced neuropathy.

39. Plaintiff's multiple disorders have resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and have significantly curtailed her ability to engage in any form of exertional activity.

40. Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

41. Plaintiff's treating physicians document these symptoms; Plaintiff does not assert that she suffers from said symptoms based solely on her own subjective allegations.

42. Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address her multiple symptoms.

43. However, Plaintiff continues to suffer from break through pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

44. Plaintiff's documented pain is so severe that it impairs her ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full time basis, meaning an 8 hour day, day after day, week after week, month after month.

45. Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

46. The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

47. As such, Plaintiff has been and remains disabled per the terms of the Plan and has sought long-term disability benefits.

48. However, after exhausting her administrative remedies, Defendant persists in denying Plaintiff her rightfully owed long term disability benefits.

**WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132**

49. Defendant has wrongfully denied long term disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

a.  Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow;

b.  Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

c.  Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious, and;

d.  Defendant has violated its contractual obligation to furnish long term disability benefits to Plaintiff.

**WHEREFORE, PLAINTIFF PRAYS THAT THE COURT:**

50. Grant Plaintiff declaratory and injunctive relief, finding that she is entitled to short term and long term disability benefits under the terms of the Plan, and that Defendant be ordered to pay long term disability benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the benefit termination age of the Plan.

51. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred as a result of Defendant's wrongful denial in providing coverage, and;

52. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

MARC WHITEHEAD & ASSOCIATES,
ATTORNEY AT LAW, L.L.P., LTD

By: _____
Marc S. Whitehead
Tex. Bar No. 00785238
S.D. Tex. Bar No. 15465
Valerie Norwood
Tex. Bar No. 24062921
S.D. Tex. Bar No. 1001660
5300 Memorial Drive, Suite 725
Houston, Texas 77007
Telephone: 713-228-8888
Facsimile: 713-225-0940
ATTORNEY-IN-CHARGE
FOR PLAINTIFF,